**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SONG SHENG ZHANG,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-73727

Agency No. A046-474-271

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Song Sheng Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") order finding Zhang removable and denying his application under 8

U.S.C. § 1186a(c)(4)(B) for waiver of the joint filing requirement to remove the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conditional basis of his lawful permanent resident status. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of a waiver under 8 U.S.C. § 1186a(c)(4)(B). *Damon v. Ashcroft*, 360 F.3d 1084, 1087 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the agency's denial of Zhang's application for a waiver under 8 U.S.C. § 1186a(c)(4)(B), where the limited evidence Zhang provided was insufficient to show that he entered into his marriage to his former United States citizen spouse in good faith. *See* 8 U.S.C. § 1186a(c)(4)(B) (to establish eligibility for this waiver, the alien must demonstrate that "the qualifying marriage was entered into in good faith by the alien spouse").

To the extent Zhang challenges the IJ's conclusions concerning the availability of corroborating evidence, the IJ's determination is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence, . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

**PETITION FOR REVIEW DENIED.**